IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER LEE MCCLANE,** : | CIVIL ACTION NO. 3:24-CV-535 |
| : | |
| **Plaintiff** : | (Judge Neary) |
| : | |
| v. : | |
| : | |
| **LELAND DUDEK, Acting** : | |
| **Commissioner of Social Security,**[1] : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Before the court is the Report and Recommendation ("R&R") (Doc. 15) of Magistrate Judge Martin C. Carlson recommending that the court affirm the Social Security Commissioner's decision to deny plaintiff Jennifer Lee McClane benefits. McClane has filed objections. (Doc. 16). Finding no error after a *de novo* review of the contested portions, the court will adopt the R&R and deny McClane's appeal.

**I. Factual Background & Procedural History**

Magistrate Judge Carlson's R&R thoroughly details the background of this case, (Doc. 15 at 2-15), and therefore, the court will provide an abbreviated version.

McClane applied for disability insurance benefits on November 23, 2021, alleging onset of her disability on May 6, 2021. (Id. at 2). She has a high school education, and her prior work experience includes manufacturing, food preparation, retail, and as a shipping clerk. (Id. at 3). In her application, she alleged

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025, during the pendency of this action.

that her ability to work is limited by bilateral carpal tunnel syndrome, lung surgery, depression, anxiety, and Crohn's disease. (Id.)

Four medical sources opined on the disabling effects of McClane's physical impairments. (Id. at 6). Consultative examiner Dr. Ahmed Kneifati, M.D., assessed McClane's environmental work limitations, and opined that she could never be exposed to unprotected heights, dust, odors, fumes, and other pulmonary irritants, and could only occasionally be exposed to moving mechanical parts, operating a motor vehicle, humidity and wetness, extreme cold, and extreme heat. (Id. at 7-8). McClane's treating oncologist, Dr. Pauline Go, M.D., opined that McClane should avoid extreme heat and noxious chemicals. (Id. at 8). The other two medical sources did not opine on environmental limitations. (Id. at 7).

The ALJ denied McClane's application for benefits. (Id. at 10). The ALJ found that McClane met the requirements of the Act and had not engaged in substantial gainful activity since May 6, 2021. (Id.) The ALJ further found that McClane had the following severe impairments: lung carcinoid with partial resection, carpal and cubital tunnel syndrome, Crohn's disease, degenerative disc disease, headaches, generalized anxiety disorder, and depression, but that none of these impairments met or equaled an impairment under the Commissioner's listing criteria. (Id.) The ALJ then determined McClane's residual functional capacity ("RFC"), finding that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently handle bilaterally and perform all postural activities though she can occasionally ladders, ropes, and scaffolds. She is further

limited to simple and routine tasks, involving only simple, work-related decisions with few, if any, workplace changes.[2]

(Id.)

The ALJ found Dr. Kneifati's opinion not persuasive, Dr. Go's opinion generally persuasive, and the other two medical source opinions persuasive. The ALJ found that Dr. Kneifati's opinion on McClane's limitations were not supported by his own medical findings. (Id. at 13). Despite finding Dr. Go's opinion generally persuasive, the ALJ did not include any environmental limitations when determining McClane's RFC and did not explain the omission those limitations. (Id. at 14). The ALJ determined that McClane could not perform any past work, but also concluded that, based on her age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (Id.) The ALJ noted three occupations identified by the vocational expert that McClane could perform: "Marker (DOT code 209.587-034), which has approximately 130,000 jobs nationally; Cleaner (DOT code 323.687-014), which has approximately 170,000 jobs nationally; and Inspector packer (DOT code 559.687-074), which has approximately 6,000 jobs nationally." (Id.) Accordingly, the ALJ denied McClane's application. (Id.)

McClane appealed. (Doc. 1). On appeal, McClane argued that the ALJ's RFC determination was not supported by substantial evidence because he did not properly evaluate the medical opinion evidence, specifically, that the ALJ did not include any environmental limitations in her RFC despite finding Dr. Go's opinion

---

[2] The court notes that the ALJ appears to have omitted, unintentionally, several words in this paragraph.

3

generally persuasive. (Doc. 9). Magistrate Judge Carlson agreed in his R&R that the ALJ erred when he omitted environment limitations in McClane's RFC without explanation, but ultimately determined that McClane did not show she was prejudiced by the error since none of the three occupations the ALJ identified required her to be exposed to the relevant environmental conditions.

McClane objected to the R&R. (Doc. 16). The Acting Commissioner filed a response. (Doc. 17). The matter is thus fully briefed and ripe for resolution.

## II. Legal Standard

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Univac. Dental Co. v. Dentsply, Intern., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citations omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision. See 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). The United States Supreme Court defines "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). The Third Circuit Court of Appeals explains that "substantial evidence has been defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'" Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder); Fargnoli v. Halter, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when an ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

**III.   Discussion**

McClane objects to Judge Carlson's determination that she was not prejudiced by the ALJ's failure to include any environmental limitations in her RFC, despite finding Dr. Go's opinion that McClane avoid extreme heat and noxious chemicals. McClane further objects because the ALJ did not include any environmental limitations as opined by Dr. Kneifati. Both errors, McClane argues, mean that the ALJ's decision could not have been supported by substantial evidence.

As an initial matter, the ALJ adequately explained why he did not find Dr. Kneifati's opinion persuasive, pointing to specific notes in his examination of McClane and articulating why these notes did not support his conclusion. Accordingly, the ALJ did not include Dr. Kneifati's environmental limitations in McClane's RFC. McClane's objection here is ultimately an invitation to re-weigh the evidence to find Dr. Kneifati's opinion persuasive, and thus find that it was error not to include his environmental limitations in her RFC, which this court may not do. See Zirnsak v. Colvin, 777 F.3d 607, 611 (3d Cir. 2014) (citing Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)).

Concerning the opinion of Dr. Go, the court agrees with Judge Carlson that while the ALJ's failure to include any environment limitations in McClane's RFC was error, it was harmless because the occupations noted by the ALJ that McClane could perform do not require exposure to the relevant environmental conditions.

Courts may apply harmless error analysis in social security appeals when assessing the sufficiency of an ALJ's decision. See Seaman v. Soc. Sec. Admin., 321 F. App'x 134, 135 (3d Cir. 2009) (non-precedential); Shinseki v. Sanders, 556 U.S.

6

396, 409 (2009) (applying harmless error rule that courts apply in "ordinary civil cases" to administrative cases). Under the harmless error rule, an error warrants remand if it prejudices a party's "substantial rights." An error implicates substantial rights if it likely affects the outcome of the proceeding, or likely affects the "perceived fairness, integrity, or public reputation of judicial proceedings." Sanders, 556 U.S. at 411-412. The holding applies to social security proceedings. McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011); Watts v. Astrue, No. 12-4116, 2013 WL 2392909, at *3 (E.D. Pa. June 3, 2013).

      Here, Dr. Go opined that McClane could not be exposed to extreme heat and noxious chemicals and the ALJ failed to include any of these limitations in his RFC. None of the three occupations identified by the vocational expert and noted by the ALJ, however, require exposure to these environment conditions. Thus, this case presents a quintessential case of harmless error. Were the court to remand the case for consideration of Dr. Go's environmental limitations in McClane's RFC, it would have no effect on the outcome because she McClane would still be capable of performing jobs in the national economy as contemplated now.

**IV.     Conclusion**

For the reasons stated above, the court will adopt the R&R in full and deny plaintiff Jennifer Lee McClane's social security appeal. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    April 16, 2025